UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RODOLFO ARAGON, *as next friend of Manuel Aragon*, <br><br> Plaintiff, <br><br><br> v. <br><br><br> HERIBERTO TELLEZ, *Warden of the Metropolitan Detention Center*, <br><br> Defendant. | **<u>MEMORANDUM AND ORDER</u>** <br><br> 25-CV-5236 (LDH) |

LASHANN DEARCY HALL, United States District Judge:

Rodolfo Aragon ("Petitioner"), proceeding pro se and as "next friend" to Manuel Aragon,

brings the instant petition for a writ of habeas corpus (the "Petition"), pursuant to 28 U.S.C. §

2241, against Heriberto Tellez, Warden of the Metropolitan Detention Center, Brooklyn, seeking

the immediate release of Manuel Aragon.

**DISCUSSION**

A petition for writ of habeas corpus may be brought either "by the person for whose relief

it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The Court has the

authority to review the petition and "award the writ or issue an order directing the respondent to

show cause why the writ should not be granted, unless it appears from the application that the

applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. Where, as here,

the petitioner is proceeding pro se, the Court is obliged to liberally construe and interpret his or

her pleadings "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of*

1

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a pro se petitioner is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a petition is brought on behalf of an individual in custody as "next friend," the "next friend" must demonstrate that he or she has standing to act on behalf of the person in custody's by satisfying two requirements. "First a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Whitmore v. Arkansas*, 495 U.S. 149, 163-164 (1990) (internal citations omitted). Critically, "[t]he burden is on the 'next friend' [to] clearly . . . . establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

Here, the Petition seeks Manuel Aragon's immediate release, a pre-trial detainee being held at the Metropolitan Detention Center in Brooklyn, New York, in connection with a different criminal action before this Court. (*See* Pet., ECF No. 1); *see also USA v. Aragon.*, No. 25-CR-219 (LDH). However, Petitioner fails to allege any facts explaining why Manuel Aragon, who is represented by counsel in his criminal action, is unable to assert his own rights. In addition, Petitioner has not demonstrated that he knows Manuel Aragon, has a significant relationship with him, or is "truly dedicated to [Manuel Aragon's] best interests." *See Whitmore*, 95 U.S. at 163; *see Ross ex rel. Dunham v. Lantz*, 408 F.3d 121, (2d Cir. 2005); *see also Pritchard v. Jones*, 2024 WL 3595923, at *2 (D. Conn. July 31, 2024) ("even close family members have been

2

denied 'next friend' status") (citing *Ross ex rel. Dunham v. Lantz*, 408 F.3d 121, 123-24 (2d Cir. 2005)). As such, the Court lacks jurisdiction to adjudicate the Petition. *Wang v. City of New York*, 2009 WL 705966, at *1 (E.D.N.Y. Mar. 16, 2009) ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." (internal quotations omitted)).

## CONCLUSION

Accordingly, for the reasons set forth above, Rodolfo Aragon may not file the instant habeas corpus petition as "next friend" to Manuel Aragon, and, therefore, the petition for a writ of habeas corpus is dismissed without prejudice.

A certificate of appealability shall not be issued, as petitioner has not made a substantial showing of the denial of constitutional right. *See* 28 U.S.C. § 2253. Although the filing fee was paid to commence this action, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
May 5, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge

3